# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **BOBBY RAY TURNER** | **CIVIL ACTION NO. 06-1649** |
| **VS.** | **SECTION P** |
| **WARDEN, CLAIBORNE DET. CENTER** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Bobby Ray Turner *in forma pauperis* on September 22, 2006. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Claiborne Detention Center, Homer, Louisiana where he is serving the twenty-three year sentence imposed following his October 23, 2002, armed robbery conviction in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d), for the additional reason that petitioner did not exhaust available state court remedies and therefore his claims would now be technically exhausted but procedurally defaulted.

*Background*

On October 23, 2002, petitioner pled guilty to armed robbery, and, in accordance with a

1

plea agreement, he was sentenced to serve 23 years at hard labor. [doc. 1-1, paragraphs 1-5; also p. 7, "... prisoners, <u>when they tender a plea bargain</u> do retain some rights..."] He did not appeal. [doc. 1-1, paragraph 8]

On some unspecified date, apparently more than two years after his conviction became final[1], petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court alleging a claim of ineffective assistance of counsel. The Application was denied on October 19, 2004. [doc. 1-1, paragraph 11] On some unspecified date thereafter petitioner filed a second Application for Post-Conviction Relief in the Fourth Judicial District Court. He again raised a claim of ineffective assistance of counsel, and this Application was denied as repetitive on February 13, 2006. [*id.*]

Petitioner claims to have sought review of the denials of his Applications for Post-Conviction Relief in the Louisiana Supreme Court [*id.*, paragraph 11(d)(1) and (2)]; however, this claim is refuted by the published jurisprudence of the State of Louisiana which reveals no Louisiana Supreme Court judgments involving the petitioner.

Petitioner signed his federal *habeas corpus* petition on September 20, 2006. He raises the following claims for relief: (1) denial of the right to appeal based upon the denial of adequate and sufficient time to prepare and file an Application for Post-Conviction Relief [doc. 1-1, paragraph 12(A)]; (2) ineffective assistance of counsel [*id.*, paragraph 12(B)]; (3) unlawfully induced guilty plea [*id.*, paragraph 12(C)]; and (4) prosecution failed to disclose favorable evidence [*id.*,

---

[1] In his first claim for relief petitioner argued that he was denied access to court by virtue of having been transferred 12 times by "LaSalle Management" and by being in placed in administrative segregation without access to a law library during his incarceration. According to petitioner, because of this activity, "... the 2 year prescriptive period for filing was easy or rather easily compromised." The allegation suggests that petitioner's first application for post-conviction relief was filed more than two years after his judgment of conviction became final [see La. C.Cr.P. art. 930.8] and was dismissed as untimely by the Fourth Judicial District Court.

2

paragraph 12(D)].

*Law and Analysis*

*1. Time Bar*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir.

---

[2] Petitioner does not argue, nor do his pleadings suggest that another date should be utilized to reckon the period of limitations. There appear to have been no constitutional rights newly recognized by the Supreme Court, and no recent discovery of the factual predicate of any of petitioner's claims. Thus, the reckoning periods of 28 U.S.C. §2244(d)(1)(C), or (D) do not apply.

Further, while petitioner may assert that the state created impediments to filing when they transferred him 12 times during his incarceration, such an allegation is insufficient to warrant tolling of the limitations period under §2244(d)(1)(B). See, e.g., *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000) *cert. denied*, 532 U.S. 963, 121 S.Ct. 1498, 149 L.Ed.2d 383 (2001) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000 (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling),.

1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on October 23, 2002, and he did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the imposition of sentence[3] or, on or November 23, 2002.

Under 28 U.S.C. § 2244(d)(1) he had one year, or until November 23, 2003 to file his federal *habeas corpus* petition. He cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because the pleadings establish that he did not seek post-conviction relief in the state courts until some time in 2004, and, by that time, his federal claims had already prescribed. Further, he could not revive the already expired limitation period simply by filing his application for post-conviction relief in the state court. *Villegas* 184 F.3d at 472. Once the federal filing period elapses, subsequent state filings have no bearing on the timeliness of an application for federal *habeas corpus* relief.[4]

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. Petitioner has been provided the benefit of the amended statute for the purposes of this analysis.

[4] As shown above, petitioner admitted that his state application for post-conviction relief was denied as untimely under La. C.Cr.P. art. 930.8. That statute provides a two year period of limitations. Therefore, if petitioner filed his state application more than two years after his judgment of conviction became final, it is logical to assume

4

Further, according to petitioner, his state post-conviction application was ultimately dismissed as untimely by the Louisiana court. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.) In other words, since petitioner's Applications for Post-Conviction Relief were untimely, their filing could not toll the running of the limitations period. Therefore, even if petitioner is given the benefit of every doubt, his federal petition is time-barred and dismissal on that basis is recommended.

## 2. Exhaustion of State Court Remedies

Even if the petition was timely, it must be dismissed because petitioner did not exhaust available state court remedies. 28 U.S.C. §2254 states, in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u> (A) <u>the applicant has exhausted the remedies available in the courts of the State;</u> or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> \*      \*      \*
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

that the one-year federal limitations period had already expired.

28 U.S.C. § 2254.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). This exhaustion doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court and in a procedurally correct manner. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has raised four claims for relief in his federal *habeas corpus* petition and he concedes that these claims were not litigated in the Louisiana courts.[5] Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court writ judgments involving the petitioner.

*3. "Technically Exhausted" and Procedurally Defaulted Claims*

While claims are un-exhausted, they could be said to be "technically exhausted" since petitioner cannot now litigate those claims in the Louisiana courts and thus state court remedies are no longer available.[6] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c). However, these "technically exhausted" claims must now be considered "procedurally defaulted."

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider

---

[5] See doc. 1-1, paragraph 13 – "Petitioner has been transferred twelve separate times since he was charged and convicted leaving him sparce [sic] time to adequately argue these points effectively in any state court." Elsewhere petitioner alleged that he litigated the substance of his post-conviction claims in the Louisiana Supreme Court [doc. 1-1, paragraph 11(d)], but, as shown above, that allegation is refuted by the presumptively reliable published jurisprudence of the State of Louisiana.

[6] Petitioner's conviction became final under Louisiana law in November 2002 when the delays for seeking an appeal provided by La. C.Cr.P. art. 914 expired. Louisiana law provides a two-year limitations period for filing applications for post-conviction relief and this two year period is normally reckoned from the date of finality of judgment. See La. C.Cr.P. art. 930.8.

7

the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340. The timeliness provisions of La. C.Cr.P. art. 930.8 have long been recognized as adequate and independent grounds for procedural default. See *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998).

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

It is clear that petitioner failed to exhaust any of his federal claims. It is also reasonable to

8

conclude that petitioner is now unable to pursue these claims in the courts of Louisiana because any attempt to raise these claims in an Application for Post-Conviction Relief would be now by considered untimely. Therefore, these claims have been, for all practical purposes, procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

In short, all of petitioner's federal *habeas corpus* claims are "technically exhausted" but now procedurally defaulted.

*4. Cause and Prejudice or Actual Innocence*

The procedural default bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Coleman*, 501 U.S. at 750 (*quoting, Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson* 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the

9

*habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner offers no such evidence of actual innocence.

In order for a *habeas* petitioner to avoid a procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor external to the defense" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488); see also *Coleman*, 501 U.S. at 753 ("[T]he existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [compliance] with the State's procedural rule.") "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.1997). Petitioner claims that his numerous transfers and assignments to prisons lacking adequate law libraries was the cause of his default which prevented him from filing a timely application for post-conviction relief. Such allegations are insufficient to establish cause excusing a *habeas* petitioner's default. Compare *United States v. Liedtke*, 107 Fed. Appx. 416 (5th Cir. 2004) (unpublished).

In any event, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show <u>actual prejudice</u> to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989,

10

994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir.2000). Even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Louisiana courts would rule favorably on his defaulted claims.[7]

**ACCORDINGLY,**

**IT IS RECOMMENDED** that the instant petition for *habeas corpus* be **DENIED AND**

---

[7] Petitioner claims that he was denied the right to appeal because of circumstances that occurred after his conviction. Petitioner, however, pled guilty and was apparently sentenced in accordance with a plea agreement which specified the length of sentence. Under Louisiana law, petitioner could not appeal his conviction since he entered a guilty plea. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, petitioner would not have been able to appeal his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner was apparently sentenced within the limits of a plea bargain which set a sentencing cap of twenty-three years. Where a specific sentence or cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed upon range cannot be appealed as excessive. La. C. Cr. P. art. 881.2(A)(2); *State v. Young*, 96-0195 (La.10/15/96), 680 So.2d 1171.

Further, petitioner's claims of ineffective assistance of counsel are incomprehensible. He suggests that the prosecution offered a twenty year sentencing cap and that counsel failed to advise him of the plea offer. [doc. 1-1, p. 9] However, he also alleges that the trial judge advised that he would not accept such an offer and that the minimum sentence he would consider was 23 years. [*id.*, p. 11] Of course, the judge had the final say in these plea negotiations and it appears that petitioner was made aware of the judge's position prior to entering his plea. Additionally, petitioner offers contradictory allegations concerning the plea negotiations by stating "...the District Attorney never approached him with a plea offer of 20 years." [*id.*, p. 13] And again, by stating, "... as far as the State is concerned he was offered 20 years but this just is not true." [*id.*, p. 14] And finally by stating, "This petitioner was never offered a 20 year plea." [*id.*, p. 16]

Finally, with respect to petitioner's claims that he was denied access to the courts, such claims are more appropriately raised in a civil rights complaint since they form no basis for habeas corpus relief. See 28 U.S.C. §2254; 42 U.S.C. §1983.

In short, even if petitioner could establish "cause" for his default, he clearly cannot establish prejudice since the defaulted claims are manifestly without merit.

11

**DISMISSED WITH PREJUDICE** as time-barred and as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 1st day of November, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE